**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ROBERT COLE and LEON DOBBS,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. |
| v. | ) |
| | ) |
| **ACD EMERGENCY ROAD SERVICES LLC, CAMARA BOWDEN, and DANTEA GRAYSON,** | ) |
| | ) |
| Defendants. | ) JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiffs Robert Cole and Leon Dobbs ("Plaintiffs"), by and through their attorney, Law Offices of Daniel Zemans, LLC, state for their Complaint against ACD Emergency Road Services LLC ("ACD"), Camara Bowden and Dantea Grayson, collectively referred to as "Defendants" as follows:

**INTRODUCTION**

1. This four-count joint action involves various claims related to unpaid wages owed to the Plaintiffs by their former employer, ACD.

2. The primary and most substantial claims arise under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 105/1, *et seq.* ("IMWL") for Defendants' failure to pay Plaintiffs at one and one-half times their regular rate of pay ("overtime") for all hours worked over forty (40) in individual workweeks.

3. Plaintiffs also have wage claims arising under the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1, *et seq.* ("IWPCA") for unpaid wages related to

1

unlawful chargebacks by ACD and, in the case of Mr. Cobb, unpaid wages due to ACD withholding his final two paychecks.

## THE PARTIES

4. Plaintiff Cole is a citizen of Illinois who, at all relevant times, resided and worked in this District and is an employee as defined in 29 U.S. § 203(e); 820 ILCS 105/3(d); and 820 ILCS § 115/2.

5. Plaintiff Dobbs is a citizen of Illinois who, at all relevant times, resided and worked in this District and is an employee as defined in 29 U.S. § 203(e); 820 ILCS 105/3(d); and 820 ILCS § 115/2.

6. Defendant ACD is incorporated in Illinois; is headquartered in this District; is an "enterprise" as defined in 29 U.S.C. § 203(r)(1); is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A); and is an employer as defined in 29 U.S. § 203(d), 820 ILCS 105/3(c), and the IWPCA, 820 ILCS § 115/2.

7. Defendant Bowden is a citizen of Illinois who, at all relevant times, resided and worked in this District and is an employer as defined in 29 U.S. § 203(d), 820 ILCS 105/3(c), and the IWPCA, 820 ILCS § 115/2.

8. Defendant Grayson is a citizen of Illinois who, at all relevant times, resided and worked in this District and is an employer as defined in 29 U.S. § 203(d), 820 ILCS 105/3(c), and the IWPCA, 820 ILCS § 115/2.

## JURISDICTION AND VENUE

9. Jurisdiction is invoked under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

10. This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b)(2).

## FACTS

11. Mr. Cole worked for ACD from on or around June 21, 2019 through on or around January 12, 2021.

12. Mr. Dobbs worked for ACD on and off from in or around 2008 until January 1, 2021.

13. ACD provides various services to car owners in need of help, including towing, winching and minor roadside assistance issues.

14. Both Plaintiffs worked exclusively on minor roadside assistance issues as Light Truck Service Drivers, jobs that required them to drive to respond to calls for roadside assistance for minor car issues that clients were having such as dead batteries, tire changes, and gas delivery.

15. Plaintiffs were paid an hourly wage as well as on a piecework basis under which they were paid additional sums for each call they went out on and for various services provided and sales made, such as changing a tire or selling a battery.

16. Additionally, prior to on or around October 7, 2020, Plaintiffs were also paid extra for calls where the customer left before Plaintiffs arrived. These were called Gone on Arrival or GOAs.

17. Plaintiffs were not managers and had no supervisory duties at all.

18. All of Plaintiffs' work was done in Illinois.

19. As companies that buy and resell products manufactured all over the country and the world, ACD is engaged in interstate commerce.

20. ACD willfully miscategorized Plaintiffs as independent contractors.

21. Neither Plaintiff had their own roadside service business.

22. Plaintiffs only went out on calls to customers when assigned by ACD.

23. ACD, Bowden and Grayson set Plaintiffs' work schedules.

24. Neither Plaintiff had any managerial responsibilities whatsoever.

25. Plaintiffs made no large expenditures on their work in that they risked no capital and made no capital investments related to their roadside assistance work.

26. Plaintiffs did not use any special skills that required any type of advanced education.

27. Plaintiffs worked for ACD on a full-time basis; they did not do any other roadside assistance work for any other entities while working for ACD.

28. The work done by Plaintiffs' was integral to ACD's business. ACD offers customers 3 services: towing, winching and roadside assistance. The company could not offer roadside assistance without employees like the Plaintiffs.

29. Plaintiffs were required to sign Light Truck Service Driver Agreements, which were employment contracts filled with rules showing just how much control ACD had over Plaintiffs.

30. The Agreements made clear that Plaintiffs could not work for and competing companies, stating "When working for ACD Emergency Road Services the contractor can't render services for any other SDC it's a conflict of interest."

31. The Agreements included a "Driver Daily Agenda" which listed more than a dozen specific tasks Plaintiffs were required to complete each day in addition to their work with customers.

32. ACD also controlled what Plaintiffs wore, requiring them to wear ACD uniforms that Plaintiffs were required to pay for.

33. Additionally, ACD enforced, via the Driver Agreements, more than 50 additional rules ranging from micromanaging how loud music could be played in the drivers' trucks to requiring drivers' to test customers' batteries even if the service request had nothing to do with a battery issue to getting approval for all bathroom and food breaks.

34. In addition to setting Plaintiffs' schedules, ACD required Plaintiffs to give at least 7 days' notice before taking time off and requiring managerial approval for any absences longer than 3 days.

35. For all of their work, Plaintiffs drove Toyota Tacomas provided by ACD.

36. Toyota Tacomas weigh under 10,000 pounds.

37. Plaintiffs routinely worked more than 40 hours per week.

38. They were paid an hourly rate that was the same for the first 40 hours in a week and for the hours worked beyond 40 in a given week.

39. Both individual Defendants controlled the amount of money that Plaintiffs were paid.

40. The Defendants failure to pay all money owed to Plaintiffs was willful.

41. The only reason Defendants classified Plaintiffs as exempt and refused to pay them overtime wages was as a concerted effort to reduce labor and payroll costs.

42. At all times Plaintiffs worked for ACD, Defendants managed their work and the number of hours they worked.

43. At all times Plaintiffs worked for ACD, Defendants dictated, controlled and ratified all policies and practices relating to Plaintiffs' employment.

5

44. At all times Plaintiffs worked for ACD, Mr. Plaintiffs had no authority to hire or fire other ACD employees.

45. At all times Plaintiffs worked for ACD, Plaintiffs did not supervise or direct the work of other ACD employees.

46. At all times Plaintiffs worked for ACD, Plaintiffs were expected to follow established company protocols in carrying out their duties.

47. At all times Plaintiffs worked for ACD, Plaintiffs were not permitted to incur expenses on ACD's behalf without a supervisor's approval.

48. At all times Plaintiffs worked for ACD, Plaintiffs were not permitted to set or establish new policies or practices without a supervisor's approval.

49. At all times Plaintiffs worked for ACD, Mr. Plaintiffs' job duties did not involve the performance of work requiring invention, imagination, originality or talent in a recognized filed of artistic or creative endeavor.

50. Plaintiffs routinely worked over 40 hours per week.

51. Defendants were aware that Plaintiffs worked over 40 hours per workweek because, among other ways, Defendants tracked all of Plaintiffs' hours in a computer system.

52. ACD did not pay Plaintiffs any overtime premium wages for work they performed in excess of forty (40) hours per week.

53. As a result of Defendants' improper and willful misclassification of Plaintiffs, they suffered lost wages and other damages.

54. Defendants improperly deducted money from paychecks for both Plaintiffs for several reasons, including for damages suffered in an accident by Mr. Cole and for a tow and

6

impounding of a car driven by Mr. Dobbs. ACD also required Plaintiffs to put down a deposit that was not properly refunded.

55. Defendants improperly withheld Mr. Dobbs' final two paychecks, covering work done in December 2020.

**COUNT I – Violation of the Fair Labor Standards Act**
**(against all Defendants)**

56. Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

57. Defendants were employers as defined by 29 U.S.C. § 203(d).

58. Plaintiffs were employees as defined by 29 U.S.C. § 203(e)(1).

59. The compensation that ACD paid Plaintiffs were "wages" as defined by 29 U.S.C. § 203(m).

60. ACD is an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

61. Plaintiffs, by virtue of their jobs, were at all relevant times individuals who affected commerce within meaning of the FLSA. 29 C.F.R. § 552.3, 29 C.F.R. § 552.6, and 29 C.F.R. § 552.9.

62. This Count arises from Defendants' violations of the FLSA, 29 U.S.C. § 201, et seq., for their failure to pay Plaintiffs at the overtime rate for all hours worked in excess of forty (40) per workweek.

63. Defendants' failure to pay compensation for all time worked and their failure to pay compensation at the overtime rate for all hours worked over forty (40) per workweek, was a willful violation of the FLSA, since Defendants' conduct shows that they either knew that their

conduct violated the FLSA or showed reckless disregard for whether their actions complied with the FLSA.

64. Plaintiffs have been harmed as a direct and proximate result of the unlawful conduct described herein, because they have been deprived of wages owed for work they performed from which ACD derived a direct and substantial benefit.

65. Defendants have no good faith justification or defense for the conduct detailed above, or for failing to pay Plaintiffs all wages mandated by the FLSA.

**WHEREFORE** Plaintiffs Robert Cole and Leon Dobbs respectfully requests the entry of judgment in their favor and against Defendants as follows:

A. Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b);

B. Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

C. Awarding reasonable attorneys' fees and costs incurred in filing this action;

D. Entering an injunction precluding Defendants from violating the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.; and

E. All other relief this Court deems just and proper.

### COUNT II – Violation of the Illinois Minimum Wage Law
### (against all Defendants)

66. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

67. Defendants were employers as defined by 820 ILCS 105/3(c).

68. Plaintiffs were employees as defined by 820 ILCS 105/3(d).

69. The compensation that ACD paid Plaintiffs were "wages" as defined by 820 ILCS 105/3(b).

70. This Count arises from Defendants' violations of the IMWL, 820 Ill. Comp. Stat. § 105/1, et seq., for their failure to pay Plaintiffs for all hours worked, specifically including compensation at the overtime rate for all hours worked in excess of forty (40) per workweek.

71. Plaintiffs were entitled to be compensated for all work performed, including payment at the appropriate overtime rate for hours worked in excess of forty (40) hours per week.

72. Defendants' failure to timely pay Plaintiffs overtime wages at a rate of one and one-half times their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks violated the overtime provisions of the IMWL. 820 ILCS 105/4a.

73. Defendants' failure to pay compensation for all time worked and their failure to pay compensation at the overtime rate for all hours worked over forty (40) per workweek, was a willful violation of the IMWL, since Defendants' conduct shows that they either knew that their conduct violated the IMWL or showed reckless disregard for whether their actions complied with the IMWL.

74. Plaintiffs been harmed as a direct and proximate result of the unlawful conduct described herein, because they were deprived of wages owed for work they performed from which ACD derived a direct and substantial benefit.

75. Defendants have no good faith justification or defense for the conduct detailed above, or for failing to pay Plaintiffs all wages mandated by the IMWL.

9

**WHEREFORE** Plaintiffs Robert Cole and Leon Dobbs respectfully request the entry of judgment in their favor and against Defendants as follows:

A. Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

B. Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

C. Awarding reasonable attorneys' fees and costs incurred in filing this action;

D. Entering an injunction precluding Defendants from violating the IMWL, 820 Ill. Comp. Stat. 105/1 et seq.; and

E. All other relief this Court deems just and proper.

### Count III – Violation of the Illinois Wage Payment and Collection Act
### (both Plaintiffs against all Defendants)

76. Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

77. Defendants were employers of Plaintiffs within the meaning of the Illinois Wage Payment Collection Act, 820 ILCS 115/2, in that, among many other things, Plaintiffs performed labor services for ACD, and the individual Defendants controlled whether Plaintiffs were paid.

78. ACD was, pursuant to its contractual agreement with Plaintiffs, obligated to pay Plaintiffs at an agreed upon rate of pay for all hours worked.

79. By improperly withholding money from their paychecks at various times to cover costs for which Plaintiffs bore no contractual responsibility, ACD failed to pay Plaintiffs for all hours worked.

80. ACD is obligated to pay Plaintiffs all monies earned, pursuant to the Illinois Wage Payment Collection Act, 820 Ill. Comp. Stat. 115/1, *et seq.*

81. By withholding funds owed to Plaintiffs, ACD has wrongfully converted Plaintiffs' money for its own use.

**WHEREFORE** Plaintiffs Robert Cole and Leon Cobb respectfully request the entry of judgment in their favor and against Defendants as follows:

A. Entering a monetary judgment in favor of Plaintiffs and against Defendants for the money due under the Wage Payment and Collection Act, plus prejudgment interest at the statutory rate pursuant to 820 ILCS 115/14;

B. Ordering Defendants to comply with the Illinois Wage Payment and Collection Act in the future;

C. Ordering Defendants to pay Plaintiffs' attorney's fees and costs of this action pursuant to the Wage Payment and Collection Act.; and

D. All other relief this Court deems just and proper.

### Count IV – Violation of the Illinois Wage Payment and Collection Act
### (Plaintiff Cobb against all Defendants)

82. Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

83. Defendants were employers of Mr. Cobb within the meaning of the Illinois Wage Payment Collection Act, 820 ILCS 115/2, in that, among many other things, Cobb performed labor services for ACD, and the individual Defendants controlled whether Cobb was paid.

84. ACD was, pursuant to its contractual agreement with Cobb, obligated to pay Cobb at an agreed upon rate of pay for all hours worked.

85. By improperly withholding Mr. Cobb's final two paychecks covering four weeks of work, ACD failed to pay Mr. Cobb for all hours worked.

86. ACD is obligated to pay Mr. Cobb all monies earned, pursuant to the Illinois Wage Payment Collection Act, 820 Ill. Comp. Stat. 115/1, *et seq.*

87. By withholding funds owed to Mr. Cobb, ACD has wrongfully converted Plaintiffs' money for its own use.

**WHEREFORE** Plaintiff and Leon Cobb respectfully requests the entry of judgment in his favor and against Defendants as follows:

A. Entering a monetary judgment in favor of Plaintiffs and against Defendants for the money due under the Wage Payment and Collection Act, plus prejudgment interest at the statutory rate pursuant to 820 ILCS 115/14;

B. Ordering Defendants to comply with the Illinois Wage Payment and Collection Act in the future;

C. Ordering Defendants to pay Plaintiffs' attorney's fees and costs of this action pursuant to the Wage Payment and Collection Act.; and

D. All other relief this Court deems just and proper.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

**Dated:** April 27, 2021     **Robert Cole and Leon Dobbs**

/s/ Daniel Zemans
_____
By: Attorney for Plaintiffs

Daniel Zemans
Law Offices of Daniel Zemans, LLC
2023 W. Berteau #1
Chicago, IL 60618
Phone: (773) 706-7767
Email: dzemans@zemans-law.com