**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT COLE and ALYSSA CRAWFORD, Individually, and on Behalf of All Others Similarly Situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No.  21-cv-02276 |
| v. | ) ) | Judge Matthew F. Kennelly |
| ACD EMERGENCY ROAD SERVICES LLC, CAMARA BOWDEN and DANTEA GRAYSON, | ) ) ) | Magistrate Judge Sheila M. Finnegan |
| Defendants. | ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFFS' AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

Defendants, ACD Emergency Road Services, LLC, Camara Bowden and Dantea Grayson,

through their attorneys, Kristine S. Phillips and Jeneé I. Gaskin of O'Hagan of O'Hagan Meyer

LLC, for their Answer and Affirmative Defenses to Plaintiffs' Amended Collective and Class

Action Complaint, state as follows:

Introduction

1.      This three-count joint action involves various claims related to unpaid wages owed to the Plaintiffs by their former employer, ACD, due to the Defendants misclassifying Plaintiffs and those they represent as independent contractors exempt from overtime pay.

**ANSWER:**     **Defendants deny that any claims related to unpaid wages have been asserted or exist.**

2.      Named Plaintiffs and the persons they represent were and are employees of Defendants working as light truck service drivers and bookkeepers at ACD from April 27, 2018 through the present ("the relevant time period").

**ANSWER:**     **Defendant denies that Named Plaintiffs and the persons they represent were and are employees of Defendants. Answering further Plaintiff Cole performed work as a Light Truck Service Driver for ACD Emergency Road Services, LLC and Plaintiff Crawford performed work as a dispatcher for ACD Emergency Road Services, LLC.**

The Parties

3.      Plaintiff Cole is a citizen of Illinois who, at all relevant times, resided and worked in this District.

**ANSWER:      Defendants admit only that during all relevant times, Plaintiff Cole performed work for Defendant ACT within this District. Answering further, Defendants have insufficient information to either admit or deny Plaintiff Cole's citizenship or residence and therefore, demand strict proof thereof.**

4.      Plaintiff Crawford is a citizen of Illinois who, at all relevant times, resided and worked in this District.

**ANSWER:      Defendants admit only that during all relevant times, Plaintiff Crawford performed work for Defendant ACD within its District. Answering further, Defendants have insufficient information to either admit or deny Plaintiff Crawford's citizenship or residence and therefore, demand strict proof thereof.**

5.      Named Plaintiffs, like those they seek to represent, were employees of Defendants as defined in 29 U.S. § 203(e); 820 ILCS 105/3(d); and the Chicago Minimum Wage Ordinance, Chicago, Illinois, Municipal Code § 1-24-010.

**ANSWER:      Defendants deny that Named Plaintiff were employees of Defendants. Answering further, Defendants admit only that Plaintiff Crawford performed work as a dispatcher and Plaintiff Cole performed work as a Light Truck Service Driver.**

6.      Named Plaintiffs and those they seek to represent all shared similar job titles, compensation plans, job descriptions and job requirements.

**ANSWER:      Defendants deny that the job duties, titles, compensation plans, job descriptions and job requirements for light truck service drivers and dispatchers, were similar. Defendants further deny that any class or collective action has been asserted.**

7.      Defendant ACD is incorporated in Illinois; is headquartered in this District; is an "enterprise" as defined in 29 U.S.C. § 203(r)(1); is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A); and is an employer as defined in 29 U.S. § 203(d), 820 ILCS 105/3(c), and the Chicago Minimum Wage Ordinance, Chicago, Illinois, Municipal Code § 1-24-010.

**ANSWER:      Defendants admit only that ACD is incorporated in Illinois and its headquarters is in this District. Answering further, Defendants deny the remaining allegations and legal conclusions in this paragraph.**

8.      Defendant Bowden is a citizen of Illinois who, at all relevant times, resided and worked in this District and is an employer as defined in 29 U.S. § 203(d), 820 ILCS 105/3(c), and the Chicago Minimum Wage Ordinance, Chicago, Illinois, Municipal Code § 1-24-010.

**ANSWER:      Defendants admit only that Defendant Bowden is a citizen of Illinois. Answering further, Defendants deny the remaining allegations and legal conclusions in this paragraph.**

9.      Defendant Grayson is a citizen of Illinois who, at all relevant times, resided and worked in this District and is an employer as defined in 29 U.S. § 203(d), 820 ILCS 105/3(c), and the Chicago Minimum Wage Ordinance, Chicago, Illinois, Municipal Code § 1-24-010.

**ANSWER:      Defendants admit only that Defendant Grayson is a citizen of Illinois. Answering further, Defendants deny the remaining allegations and legal conclusions in this paragraph.**

Jurisdiction and Venue

10.      Jurisdiction is invoked under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over the state and municipal law claims pursuant to 28 U.S.C. § 1367.

**ANSWER:      Defendants admits only that jurisdiction has been alleged.**

11.      This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b)(2).

**ANSWER:      Defendant admits only that venue has been alleged.**

Facts

12.      Mr. Cole worked for ACD from on or around June 21, 2019 through on or around January 12, 2021.

**ANSWER:      Defendants admit only that Cole performed work for ACD from August 24, 2019, to January 22, 2021. Defendants deny the remaining allegations in this paragraph.**

13.      Ms. Crawford worked for ACD from in or around late September 2020 to December 2020.

**ANSWER:      Defendants admit only that Crawford performed work for ACD from September 21, 2020, to December 11, 2020. Defendants deny the remaining allegations in this paragraph.**

14.      Named Plaintiffs and all the people they represent worked more than 40 hours per week.

**ANSWER:** **Defendants admit only that Named Plaintiffs worked more than 40 hours in a workweek at times. Defendants deny the remaining allegations and legal and factual conclusions in this paragraph and deny that any class or collective action has been asserted.**

15.     ACD had a uniform company policy, applicable to Named Plaintiffs and all the people they represent, of willfully misclassifying employees as independent contractors.

**ANSWER:** **Defendants deny the allegations and legal and factual conclusions in this paragraph.**

16.     ACD had a company policy, applicable to Named Plaintiffs and all the people they represent, of refusing to pay an overtime premium for hours worked in excess of 40 in a given workweek.

**ANSWER:** **Defendants deny the allegations and factual conclusions in this paragraph.**

17.     The Defendants failure to pay all money owed to Plaintiffs was willful.

**ANSWER:** **Defendants deny the allegations and legal conclusions in this paragraph.**

18.     In fact, during a significant part of the relevant time period, Defendants knew they were under investigation by the U.S. Department of Labor for some of the identical misclassifications and pay policies at issue here, an investigation that ultimately led to a consent judgment in *Walsh v. ACD Emergency Road Services, et al*, No. 21-cf-02118 (N.D. IL June 21, 2021).

**ANSWER:** **Defendants admit only that they entered into a consent judgment in *Walsh v. ACD Emergency Road Services, et al*, No. 21-cf-02118 (N.D. IL June 21, 2021). Answering further, Defendant denies the remaining allegations and legal conclusions in this paragraph.**

19.     ACD provides various services to car owners in need of help, including towing, winching and minor roadside assistance issues.

**ANSWER:** **Defendants admit the allegations in this paragraph.**

20.     Cole worked on minor roadside assistance issues as a Light Truck Service Driver, a job that required him to drive to respond to calls for roadside assistance for minor car issues that clients were having such as dead batteries, tire changes, and gas delivery.

**ANSWER:** **Defendants admit only that Cole performed work as a Light Truck Service Driver, and responded to calls for roadside assistance including dead batteries, tire changes, and gas delivery. Defendant denies the remaining allegations in this paragraph.**

21.     Cole and the other light truck service drivers were paid an hourly wage as well as on a piecework basis under which they were paid additional sums for each call they went out on and for various services provided and sales made, such as changing a tire or selling a battery.

**ANSWER:     Defendants admit only that Cole was paid an hourly rate. Defendants deny the remaining allegations in this paragraph.**

22.     Additionally, prior to on or around October 7, 2020, those Plaintiffs were also paid extra for calls where the customer left before Plaintiffs arrived.  These were called Gone on Arrival or GOAs.

**ANSWER:     Defendants deny the allegations in this paragraph.**

23.     Crawford worked as a dispatcher who received service requests through an online portal and then coordinated with drivers and customers to ensure service was provided.

**ANSWER:     Defendants admit the allegations in this paragraph.**

24.     All of the work was done in the State of Illinois.

**ANSWER:     Defendants admit the allegations in this paragraph.**

25.     Plaintiffs and those they represent worked more than 40 hours per week within the City of Chicago.

**ANSWER:     Defendants admit only that Plaintiffs Cole and Crawford worked more than 40 hours in a workweek at certain times. Defendants deny the remaining allegations and factual conclusions in this paragraph and deny that any class or collective action has been asserted.**

26.     Dispatchers were paid a straight hourly wage.

**ANSWER:     Defendants deny the allegations in this paragraph.**

27.     Plaintiffs were not managers and had no supervisory duties at all.

**ANSWER:     Defendants admit the allegations in this paragraph.**

28.     As a company that buys and resells products manufactured all over the country and the world, ACD is engaged in interstate commerce.

**ANSWER:     Defendants deny the allegations and legal conclusion in this paragraph.**

29.     Neither Plaintiff had their own roadside service business.

**ANSWER:     Defendants have insufficient information to either admit or deny the allegations in this paragraph and therefore, demand strict proof thereof.**

30.     Light truck service drivers only went out on calls to customers when assigned by ACD from their office in Chicago, Illinois.

**ANSWER:**     **Defendants admit only that Plaintiffs responded to calls for roadside assistance assigned to them by ACD. Answering further, Defendants have insufficient information to either admit or deny whether Plaintiffs went out on calls for any other customers assigned to them from sources other than ACD.**

31.     For all of their work, light service drivers drove Toyota Tacomas provided by ACD.

**ANSWER:**     **Defendants admit the allegations in this paragraph.**

32.     Toyota Tacomas weigh under 10,000 pounds.

**ANSWER:**     **Defendants have insufficient information to either admit or deny the allegations in this paragraph and therefore, demand strict proof thereof.**

33.     Dispatchers worked in ACD's office, which is located in Chicago, Illinois.

**ANSWER:**     **Defendants admit the allegations in this paragraph.**

34.     ACD, Bowden and Grayson set Plaintiffs' work schedules.

**ANSWER:**     **Defendants admit the allegations in this paragraph.**

35.     Neither Plaintiff had any managerial responsibilities whatsoever.

**ANSWER:**     **Defendants admit that both Plaintiffs did not have any managerial responsibilities with ACD.**

36.     Plaintiffs made no large expenditures on their work in that they risked no capital and made no capital investments related to their work.

**ANSWER:**     **Defendants have insufficient information to either admit or deny the allegations in this paragraph and therefore, demand strict proof thereof.**

37.     Plaintiffs did not use any special skills that required any type of advanced education.

**ANSWER:**     **Defendants deny the allegations and factual conclusions in this paragraph.**

38.     Plaintiffs worked for ACD on a full-time basis; they did not do any other roadside assistance work or dispatching for any other entities while working for ACD.

**ANSWER:**     **Defendants admit only that Plaintiffs worked for ACD on a full-time basis. Defendants have insufficient information to either admit or deny the remaining allegations in this paragraph and therefore, demand strict proof thereof.**

39.     The work done by Plaintiffs' was integral to ACD's business. ACD offers customers 3 services: towing, winching and roadside assistance. The company could not offer roadside assistance without employees like the Plaintiffs.

**ANSWER:     Defendants admit only that ACD offers towing, winching and roadside assistance. Defendants deny the remaining allegations and legal conclusions in this paragraph.**

40.     Light truck service drivers were required to sign Light Truck Service Driver Agreements, which were employment contracts filled with rules showing just how much control ACD had over Plaintiffs.

**ANSWER:     Defendants admit only that Plaintiffs signed Light Truck Service Driver Agreements. Answering further, Defendants deny the remaining allegations and legal conclusions in this paragraph.**

41.     The Agreements made clear that drivers could not work for any competing companies, stating "When working for ACD Emergency Road Services the contractor can't render services for any other SDC it's a conflict of interest."

**ANSWER:     Defendants admit only that Plaintiffs have partially quoted the Agreement and deny the remaining allegations in this paragraph.**

42.     The Agreements included a "Driver Daily Agenda" which listed more than a dozen specific tasks Plaintiffs were required to complete each day in addition to their work with customers.

**ANSWER:     Defendants admit only that the Agreement included a "Driver Daily Agenda." Defendants deny the remaining allegations in this paragraph.**

43.     ACD also controlled what drivers wore, requiring them to wear ACD uniforms that Plaintiffs were required to pay for.

**ANSWER:     Defendants admit only that Plaintiffs were required to wear uniforms displaying ACD's name and that Plaintiffs paid for their uniforms. Defendants deny the remaining allegations in this paragraph.**

44.     Additionally, ACD enforced, via the Driver Agreements, more than 50 additional rules ranging from micromanaging how loud music could be played in the drivers' trucks to requiring drivers' to test customers' batteries even if the service request had nothing to do with a battery issue to getting approval for all bathroom and food breaks.

**ANSWER:     Defendants admit only that Driver Agreements included terms regarding the volume of music played in the company's vehicle and required drivers to test all AAA customers' batteries. Defendants deny the remaining allegations contained in this paragraph.**

7

45.     In addition to setting Plaintiffs' schedules, ACD required Plaintiffs to give at least 7 days' notice before taking time off and requiring managerial approval for any absences longer than 3 days.

**ANSWER:     Defendants admit that ACD requested workers to give at least 7-days' notice of time off requests when possible and time off requests required approval.**

46.     Plaintiffs were paid an hourly rate that was the same for the first 40 hours in a week and for the hours worked beyond 40 in a given week.

**ANSWER:     Defendants deny the allegations in this paragraph.**

47.     Both individual Defendants controlled the amount of money that Plaintiffs were paid.

**ANSWER:     Defendants deny the allegations in this paragraph.**

48.     The only reason Defendants classified Plaintiffs as exempt and refused to pay them overtime wages was as a concerted effort to reduce labor and payroll costs.

**ANSWER:     Defendants deny the allegations and legal and factual conclusions in this paragraph.**

49.     At all times Plaintiffs worked for ACD, Defendants managed Plaintiffs' work and the number of hours they worked.

**ANSWER:     Defendants deny the allegations and legal conclusions in this paragraph.**

50.     At all times Plaintiffs worked for ACD, Defendants dictated, controlled and ratified all policies and practices relating to Plaintiffs' employment.

**ANSWER:     Defendants deny the allegations and legal conclusions in this paragraph.**

51.     At all times Plaintiffs worked for ACD, Plaintiffs had no authority to hire or fire other ACD employees.

**ANSWER:     Defendants admit only that Plaintiffs performed work for ACD and that neither had the authority to hire or fire ACD employees.**

52.     At all times Plaintiffs worked for ACD, Plaintiffs did not supervise or direct the work of other ACD employees.

**ANSWER:     Defendants admit the allegations in this paragraph.**

53.     At all times Plaintiffs worked for ACD, Plaintiffs were expected to follow established company protocols in carrying out their duties.

**ANSWER:     Defendants admit the allegations in this paragraph.**

8

54.     At all times Plaintiffs worked for ACD, Plaintiffs were not permitted to incur expenses on ACD's behalf without a supervisor's approval.

**ANSWER:     Defendants deny the allegations in this paragraph.**

55.     At all times Plaintiffs worked for ACD, Plaintiffs were not permitted to set or establish new policies or practices.

**ANSWER:     Defendants admit that Plaintiffs did not have the authority to establish new policies or practices for ACD.**

56.     At all times Plaintiffs worked for ACD, Plaintiffs' job duties did not involve the performance of work requiring invention, imagination, originality or talent in a recognized filed of artistic or creative endeavor.

**ANSWER:     Defendants admit that Plaintiffs performed work for ACD that did not require invention, imagination, originality or talent in a recognized field of artistic or creative endeavor. Answering further, Defendants deny the remaining allegations and legal and factual conclusions in this paragraph.**

57.     Defendants were aware that Plaintiffs worked over 40 hours per workweek because, among other ways, Defendants tracked all of Plaintiffs' hours in a computer system.

**ANSWER:     Defendants admit only that Plaintiffs' work hours were recorded in a computer system utilized by ACT. Defendants deny the remaining allegations in this paragraph.**

58.     ACD did not pay Plaintiffs any overtime premium wages for work they performed in excess of forty (40) hours per week.

**ANSWER:     Defendants deny the allegations in this paragraph.**

59.     As a result of Defendants' improper and willful misclassification of Plaintiffs, they suffered lost wages and other damages.

**ANSWER:     Defendants deny the allegations and legal conclusions in this paragraph and deny that Plaintiffs have suffered any damages or any damages to the extent alleged.**

Class Action Allegations

60.     Plaintiffs bring the Second and Third Causes of Action under Rule 23 of the Federal Rules of Civil Procedure, the IMWL and the Chicago Wage Ordinance on behalf of themselves and the members of the Class comprising:

> "All current and former light truck service drivers and dispatcher employed by the Defendants in Chicago, Illinois within the last three years who were classified as exempt from overtime."

**ANSWER:** **Defendants admit only that Plaintiffs purport to bring the Second and Third Causes of Action under Rule 23 of the Federal Rules of Civil Procedure, the IMWL and the Chicago Wage Ordinance on behalf of themselves and the members of the class as defined above. Defendants deny that any class or collective action has been asserted.**

61.     The Second and Third Causes of Action are properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members.

**ANSWER:** **Defendants deny the allegations and legal conclusions in this paragraph. Defendants deny that any class or collective action has been asserted.**

62.     Such questions include, but are not limited to:

a.      whether Defendants employed Plaintiffs and the members of the Class within the meaning of the IMWL and the Chicago Wage Ordinance;

b.      whether Defendants properly classified Plaintiffs as employees;

c.      whether Defendants failed to pay Plaintiffs and the Class overtime pay for hours worked in excess of 40 hours per workweek within the meaning of the IMWL and the Chicago Wage Ordinance;

d.      the nature and extent of Class-wide injury and the appropriate measure of damages for the Class; and

e.      whether the misclassifications were willful.

**ANSWER:** **Defendants deny the allegations and legal conclusions in this paragraph and each subparagraph. Defendants deny that any class or collective action has been asserted.**

63.     This action is properly maintainable as a class action under Rules 23(a) and (b) because:

a.      The class is so numerous that joinder of all members is impracticable;

b.      There are questions of law or fact that are common to the class;

c.      The claims of the Named Plaintiffs are typical of the claims of the class; and,

d.      The Named Plaintiffs will fairly and adequately protect the interests of the class.

**ANSWER:** **Defendants deny the allegations and legal conclusions in this paragraph and each subparagraph. Defendants deny that any class or collective action has been asserted.**

64.     The claims of Plaintiffs are typical of the claims of the members of the Class they seek to represent. Plaintiffs and the members of the Class work or have worked for Defendants and have been subjected to its policy and pattern or practice of failing to pay overtime wages for hours worked in excess of forty (40) in a workweek.

**ANSWER:** **Defendants deny the allegations and legal conclusions in this paragraph Including whether any class or collective action has been asserted.**

65.     The Named Plaintiffs have the same interests and suffer from the same unlawful practices as the class members.

**ANSWER:** **Defendants deny the allegations in this paragraph Including whether any class or collective action has been asserted.**

66.     Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer.  However, if any such class member should become known, he or she can "opt out" of this action pursuant to Rule 23.

**ANSWER:** **Defendants deny the allegations in this paragraph whether any class or collective action has been asserted.**

67.     On information and belief, the total number of putative class members represents over forty individuals.  The exact number of class members can be determined from Defendants' payroll records.

**ANSWER:** **Defendants deny the allegations in this paragraph including whether any class or collective action has been asserted.**

68.     Plaintiffs anticipate that Defendants will raise defenses that are common to the class.

**ANSWER:** **Defendants deny the allegations in this paragraph and therefore, demand strict proof thereof. Defendants deny that any class or collective action has been asserted.**

69.     The damages suffered by the class members arise from the same nucleus of operative facts.  Moreover, damages can be calculated by using simple mathematical formulas.

**ANSWER:** **Defendants deny the allegations in this paragraph including whether any class or collective action has been asserted.**

11

70.     The Named Plaintiffs will fairly and adequately protect the interests of the class. They have retained experienced counsel that is competent in employment law and in the prosecution of complex litigation.

**ANSWER:     Defendants deny the allegations in this paragraph including whether any class or collective action has been asserted.**

71.     A class action is superior to other available means for the fair and efficient adjudication of this controversy because class treatment will allow a large number of similarly-situated persons, for whom individual joinder is impracticable, to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense of individual claims.  Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for Named Plaintiffs and the class members to bring individual claims even if they were aware of their legal claims.

**ANSWER:     Defendants deny the allegations in this paragraph including whether any class or collective action has been asserted.**

72.     Additionally, separate individual actions would create a risk of inconsistent adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impede the ability of class members to protect their interests.

**ANSWER:     Defendants deny the allegations in this paragraph including whether any class or collective action has been asserted.**

Count I – Violation of the Fair Labor Standards Act:
Collective Action for Unpaid Minimum Wages

73.     Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

**ANSWER:     Defendants restate their answers and denials to each of the preceding allegations as though fully stated herein.**

74.     As a result of Defendants' failure to pay overtime premiums for hours worked over 40 in a given workweek, Defendants paid wages to Plaintiffs based on an incorrectly low regular rate of pay.

**ANSWER:     Defendants deny the allegations and legal conclusions in this paragraph.**

75.     At all material times, Defendants' failure to pay wages at the correct rate of pay was willful.

**ANSWER:     Defendants deny the allegations and legal conclusions in this paragraph.**

76.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages and other damages.

12

**ANSWER:** **Defendants deny the allegations and legal conclusions in this paragraph and deny that Plaintiffs have suffered any damages or any damages to the extent alleged.**

WHEREFORE, Defendants, ACD Emergency Road Services LLC, Camara Bowden and Dantea Grayson, pray that this Honorable Court enter judgment in their favor and against the Plaintiffs, Robert Cole and Alyssa Crawford, individually and on behalf of all others similarly situated, denying and dismissing their Complaint, with costs assessed against the Plaintiffs, and any other relief which this Court deems equitable and just.

Count II – Violation of the Illinois Minimum Wage Law:<br>Class Action for Unpaid Minimum Wages

77.     Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

**ANSWER:** **Defendants restate their answers and denials to each of the preceding allegations as though fully stated herein.**

78.     Plaintiffs are members of a class that meets the requirements for certification and maintenance of a class action pursuant to Rules 23(a) and (b).

**ANSWER:** **Defendants deny the allegations and legal conclusions in this paragraph including whether any class or collective action has been asserted.**

79.     Defendants violated the IMWL, 820 ILCS § 105, *et seq*., by regularly and repeatedly failing to properly pay regular compensation to Plaintiffs.

**ANSWER:** **Defendants deny the allegations and legal conclusions in this paragraph including whether any class or collective action has been asserted.**

80.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages and other damages.

**ANSWER:** **Defendants deny the allegations and legal conclusions in this paragraph and deny that Plaintiffs have suffered any damages or any damages to the extent alleged.**

WHEREFORE, Defendants, ACD Emergency Road Services LLC, Camara Bowden and Dantea Grayson, pray that this Honorable Court enter judgment in their favor and against the Plaintiffs, Robert Cole and Alyssa Crawford, individually and on behalf of all others similarly

13

situated, denying and dismissing their Complaint, with costs assessed against the Plaintiffs, and

any other relief which this Court deems equitable and just.

Count III – Violation of the Chicago Minimum Wage and
Paid Sick Leave Ordinance:  Class Action for Unpaid Minimum Wages

81.      Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

**ANSWER:      Defendants restate their answers and denials to each of the preceding allegations as though fully stated herein.**

82.      Plaintiffs are members of a class that meets the requirements for certification and maintenance of a class action pursuant to Rules 23(a) and (b).

**ANSWER:      Defendants deny the allegations and legal conclusions in this paragraph including whether any class or collective action has been asserted.**

83.      Defendants violated the Minimum Wage Ordinance, Chicago, Illinois, Municipal Code § 1-24-010, *et seq*, by regularly and repeatedly failing to properly pay regular compensation to Plaintiffs.

**ANSWER:      Defendants deny the allegations and legal conclusions in this paragraph including whether any class or collective action has been asserted.**

84.      As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages and other damages.

**ANSWER:      Defendants deny the allegations and legal conclusions in this paragraph and deny that Plaintiffs have suffered any damages or any damages to the extent alleged.**

WHEREFORE, Defendants, ACD Emergency Road Services LLC, Camara Bowden and

Dantea Grayson, pray that this Honorable Court enter judgment in their favor and against the

Plaintiffs, Robert Cole and Alyssa Crawford, individually and on behalf of all others similarly

situated, denying and dismissing their Complaint, with costs assessed against the Plaintiffs, and

any other relief which this Court deems equitable and just.

14

## DEFENDANTS' AFFIRMATIVE DEFENSES

### First Affirmative Defense

1.     Plaintiffs Cole and Crawford performed work for ACD from August 24, 2019 to January 22, 2021 and September 21, 2020 to December 11, 2020, respectively.

2.     During that time, Plaintiffs were paid an hourly wage and paid at least time and a half for hours worked in excess of 40 hours in a workweek for all compensable time.

### Second Affirmative Defense

1.     Plaintiffs Cole and Crawford performed work for ACD from August 24, 2019 to January 22, 2021 and September 21, 2020 to December 11, 2020.

2.     Dantea Grayson is the co-owner of ACD, and at no point were Plaintiffs ever employed by Dantea Grayson in her individual capacity.

3.     Plaintiffs' claims are barred in their entirety as to Dantea Grayson individually because she was not an employer and never employed Plaintiffs in her individual capacity.

### Third Affirmative Defense

1.     Plaintiffs Cole and Crawford performed work for ACD from August 24, 2019 to January 22, 2021 and September 21, 2020 to December 11, 2020, respectively.

2.     Camara Bowden is the co-owner of ACD, and at no point were Plaintiffs ever employed by Camara Bowden in her individual capacity.

3.     Plaintiffs' claims are barred in their entirety as to Camara Bowden individually because she was not an employer and never employed Plaintiffs in her individual capacity.

### Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations under the Fair Labor Standards Act ("FLSA"). Specifically, as it relates to this matter, Plaintiffs

have not pled and is unable to make a showing of any willful or reckless conduct by the Defendants which would allow their claims to reach beyond the two-year statute of limitations.

**Fifth Affirmative Defense**

1.      Plaintiffs FLSA claims are barred in their entirety by the provisions of Section 10 of the Portal-To-Portal Act, 29 U.S.C. § 259, because Defendants' alleged acts or omissions were in good faith conformity with an in reliance on administrative regulations, and interpretations by the U.S. Department of Labor, Wage and Hour Division, as set forth in various fact sheets, frequently asked questions, and other written guidance and interpretive texts available online. See 29 U.S.C § 259. Plaintiffs' claims are barred by this defense even if after Defendants' acts or omissions, such administrative guidance or interpretations were modified or rescinded, or were determined by judicial authority to be invalid or of no legal effect. See 29 U.S.C. § 259.

2.      The U.S. Department of Labor's website (https://www.dol.gov/whd/) provides a wide variety of guidance to employers on how to comply with the requirements of the FLSA. The Department of Labor guidance is provided in the form of letters, fact sheets, frequently asked questions, and other written materials.

3.      Defendants relied on the Department of Labor's guidance and complied with the guidance in good faith.

4.      Because of Defendants good faith reliance on and compliance with the Department of Labor guidance, with regard to any act or omission alleged in Plaintiffs' Complaint, Plaintiffs' FLSA claims are barred in their entirety.

**Sixth Affirmative Defense**

1.      Plaintiffs' claims under the FLSA are barred by the provisions of Section 4 of the Portal-To-Portal Act, 29 U.S.C. § 259, as to all hours during which they were engaged in non-

16

compensable activities including taking breaks, taking care of personal business, or traveling to and from work.

2.       Given that Plaintiffs performed only a portion of their work day performing work-related tasks, Plaintiffs' claims are barred as to all hours spent engaging in non-compensable activities such as driving to and from work and taking breaks.

### Seventh Affirmative Defense

1.       Defendants are a motor carrier as defined under 49 U.S.C. § 31501(2); 49 U.S.C. § 13102 (14)-(15).

2.       To the extent the Light Trick Service drivers transported property in interstate commerce.

3.       The property, repair equipment and replacement parts, were owned by ACD Emergency Road Services, LLC.

4.       The property was transported in furtherance of ACD Emergency Road Services, LLC's commercial enterprise.

5.       Therefore, Defendants are exempt from the FLSA and IMWL overtime requirements.

WHEREFORE, Defendants ACD Emergency Road Services, LLC, Camara Bowden, and Dantea Grayson pray that this Honorable Court enter judgment in their favor on their Affirmative Defenses against the Plaintiffs, Robert Cole and Alyssa Crawford, individually and on behalf of all others similarly situated, denying and dismissing their Complaint, with costs assessed against the Plaintiffs, and any other relief which this Court deems equitable and just.

Date: September 13, 2021

17

Respectfully submitted:

ACD Emergency Road Services LLC,
Camara Bowden and Dantea Grayson

By:/s/ Jeneé I. Gaskin
    One of their attorneys

Kristine S. Phillip (ARDC 6273374)
Jeneé I. Gaskin (ARDC 6312870)
O'Hagan Meyer LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
Telephone:  312.422.6100
Facsimile:   312.422.6110
kphillips@ohaganmeyer.com
jgaskin@ohaganmeyer.com

## CERTIFICATE OF SERVICE

This is to certify that on this 13 day of September 2021, I electronically filed **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT,** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

### ATTORNEY FOR PLAINTIFF:
Daniel Zemans
Law Offices of Daniel Zemans, LLC
2023 W. Berteau #1
Chicago, IL 60618
PH: (773) 706-7767
dzemans@zemans-law.com

/s/ Jeneé I. Gaskin
Kristine S. Phillips
Jeneé I. Gaskin
O'Hagan Meyer LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
PH: 312.422.6100
FX: 312.422.6110
kphillips@ohaganmeyer.com
jgaskin@ohaganmeyer.com

One of the Attorneys for Defendants, ACD
Emergency Road Services LLC, Camara Bowden
and Dantea Grayson